**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Bill Lindsay, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Delta Pilots Disability and Survivorship Plan, | ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Chapin, South Carolina.

II.

Defendant is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132 which does business and owns property in Lexington County, South Carolina.

III.

In this matter, Plaintiff seeks relief of the overpayment claim under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(3) and this court has jurisdiction to consider this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

Until March 2010, Plaintiff was actively employed with Delta Air Lines, Inc. and as an employee of Delta Air Lines, Inc. Plaintiff was provided with long term disability insurance coverage via a plan that was fully funded by Delta.

V.

Because of certain problems from which he suffered Plaintiff was forced to cease working and he filed a claim for long term disability benefits.

VI.

Defendant approved Plaintiff's claim for long term disability benefits in April 2010. On March 26, 2020, Defendant sent Plaintiff a letter advising that a review of his file had been performed and that the retirement benefit offset was applied incorrectly. The letter further advised that after the adjustment an overpayment had occurred in the amount of $322,000.91 on his long term disability claim. Defendant advised Plaintiff that it was requesting reimbursement arrangements of the purported overpayment amount within forty-five days. The letter also gave Plaintiff the opportunity to appeal the decision.

VII.

Plaintiff, by and through his undersigned attorney, appealed the decision. As part of the appeal, Plaintiff submitted certain substantive information to Defendant that he wished to have considered. Defendant has failed to reach a decision on Plaintiff's appeal in a timely manner and, Plaintiff deems that his claim is denied as is his right pursuant to 29 C.F.R. § 2560.503-1, and that his administrative remedies are fully exhausted.

**FOR A FIRST CAUSE OF ACTION**

**(For Equitable and Injunctive Relief Pursuant to ERISA 29 U.S.C. § 1132(a)(3))**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

On March 26, 2020, for the first time, Defendant asserted that Plaintiff was apparently overpaid benefits for a number of years. However, Plaintiff did not realize he was not entitled to those payments at the time they were made.

X.

Defendant is a fiduciary of the plan in which Plaintiff participated for the purpose of the duties and obligations imposed upon it by ERISA 29 U.S.C. § 1104 and the plan documents. Among the duties imposed upon Defendant is the obligation to make accurate representations to plan participants like Plaintiff regarding his status in the plan and entitlement to benefits from the plan. Certainly, Defendant is in the superior position to determine the amount of Plaintiff's benefits and calculate and apply all of the applicable offsets, however, Defendant never adjusted Plaintiff's monthly benefits or requested any overpayment from him until approximately ten years after Plaintiff began drawing long term disability benefits.

XI.

Defendant insists on being re-paid the purported $322,000.91 overpayment, but the reality of the situation is that the Plaintiff simply does not have the financial wherewithal to pay the money Defendant demands.

XII.

Given the facts, Plaintiff respectfully request that the Court structure an equitable remedy and grant equitable relief between the parties pursuant to 29 U.S.C. §1132(a)(3). Such equitable relief should take the form of Plaintiff being relieved of any obligation to pay Defendant any money for the overpayment, but Plaintiff does agree and would consent to Defendant reducing his monthly benefit in accordance with the recalculation of his monthly benefit. The court might rely upon such equitable theories as laches, estoppel by laches, equitable estoppel, estoppel *in*

*pais*, other equitable theories recognized by the Fourth Circuit Court of Appeals, or any other authorities the Court might find relevant and instructive. Besides the application of the equitable doctrine of laches, the Court might also hold that the Defendant is precluded from recovering the overpayment due the applicable statute of limitations. Plaintiff further respectfully requests that after the Court structures an equitable remedy as to what amount, if any, the Defendant is entitled to recover from the Plaintiff given the equities of the situation that the Court also enjoin the Defendant and its agents and representatives under 29 U.S.C. § 1132(a)(3) from further attempts to collect any amount of money regarding the overpayment.

XIII.

The above requests are merely suggestions of equitable relief that may be available to the Court. Plaintiff respectfully requests that the Court consider the facts and equities of the situation and that the Court declare that Defendant has breached its fiduciary duty and structure such appropriate equitable remedies and relief as it finds just, proper and allowable under 29 U.S.C. § 1132(a)(3). Plaintiff further respectfully requests that the Court award attorney's fees and costs to Plaintiff pursuant to 29 U.S.C. § 1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff respectfully request that the Court consider the matters raised herein, the facts and circumstances giving rise to the parties necessarily being before this Court, the equities of the situation and that the Court declare that (1) Defendant has breached its fiduciary duty as set forth above and that the Court grant such equitable and injunctive relief as Plaintiff requests above or as the Court may otherwise deem appropriate; (2) that the Court award Plaintiff attorney's fees and costs pursuant to ERISA 29 U.S.C. § 1132(g), and (3) finally, that the Court grant whatever other

relief, equitable or otherwise, that it may find appropriate pursuant to ERISA 29 U.S.C. § 1001 *et. seq.*

.

                                          s/M. Leila Louzri
                                          M. Leila Louzri, Esq.
                                          Federal Bar #: 12007
                                          **FOSTER LAW FIRM, L.L.P.**
                                          25 Mills Avenue
                                          Greenville, South Carolina 29605
                                          (864) 242-6200


                                          Attorneys for Plaintiff

Date: September 3, 2021